UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Keith Lashoun Wilson,

        Petitioner,                        Case No. 06-12409

v.                                    Hon. Nancy G. Edmunds

Thomas K. Bell,

        Respondent.
_____/

**ORDER ACCEPTING IN PART AND REJECTING IN PART MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION [24]**

This matter has come before the Court on the Magistrate Judge's October 10, 2008 Report and Recommendation ("R&R")[24] and Objections filed by Petitioner.[1]  Being fully advised in the premises and having read the pleadings, the Court ACCEPTS AND ADOPTS the Magistrate Judge's Report and Recommendation as to its recommended denial of a writ of habeas corpus on Petitioner's claim of ineffective assistance of counsel for failure to investigate and for failure to call particular witnesses (R&R 6-10) and on Petitioner's claimed sentencing error (R&R 14-18).  The Court REJECTS the Magistrate Judge's Report and Recommendation as to its recommended denial of a writ of habeas corpus on Petitioner's claims of prosecutorial misconduct (R&R 11-14) and ineffective assistance of counsel for failure to object to the prosecutorial misconduct (R&R 10-11).

The Michigan trial court's ruling from the bench that the prosecutor did not engage in impermissible vouching and that defense counsel's failure to object to the vouching did not constitute ineffective assistance of counsel, "was contrary to, or involved an

_____

[1]On November 10, 2008, Petitioner filed a motion for an extension of time to complete objections [27].  The Court hereby orders that this motion be GRANTED, and has, thus, considered the Objections that Petitioner filed in December of 2008 [28].

unreasonable application of, clearly established Federal law, as determined by the Supreme Court." 28 U.S.C. § 2254(d).  Accordingly, Petitioner is entitled to habeas relief.

## I.    Background[2]

Following a jury trial in the Wayne County Circuit Court, Petitioner was convicted of two counts of third-degree criminal sexual conduct.  Petitioner was sentenced to a term of nine to fifteen years imprisonment.

Petitioner testified at trial, denying the charges.  In the absence of physical evidence, the prosecution's case relied on the testimony of six witnesses: the victim, her mother who testified regarding what her son had told her, her thirteen year-old brother, her seventeen year-old god-brother, a physician, and a police officer who testified that, when initially questioned, Petitioner did not mention the theory he later proffered at trial.

During rebuttal closing argument at trial the prosecutor made the following statements:

- "[The girl's brother] didn't come in here and tell you something other the truth. He came in here and told you what he saw happen back in December." (Trial Tr., Vol. III, at 32:10-13.)

- "[The girl] [is] not making any of this stuff up.  This happened to her."  (Trial Tr., Vol. III, at 32:23-24.)

- "I don't – you can do whatever you want, ladies and gentlemen, but I'm telling you I believe that when those kids, those children got up there and testified they told you based on the evidence they told you the truth.  They didn't make this up."  (Trial Tr., Vol. III, at 34:22-25, 35:1-3.)

- "Dr. Thewes, I believe based on the evidence told you the truth."  (Trial Tr., Vol. III, at 35:4-5.)

Defense counsel did not object at trial to these comments.

Upon conviction and sentencing, Petitioner raised his claims of prosecutorial

---

[2]The Court ACCEPTS AND ADOPTS the factual background and procedural history provided in the Magistrate Judge's Report and Recommendation.  (R&R at 2-4.)

misconduct and ineffective assistance of counsel for failure to object in a motion for a new trial or Ginther hearing.  The trial court denied both claims in a ruling from the bench. (Post-Conviction Hr'g Tr., Docket Text #16, at 11-12, 14-15.)  On September 1, 2004, Petitioner raised these claims in his delayed application for leave to appeal to the Court of Appeals of the State of Michigan, which was denied "for lack of merit in the grounds presented."  (Docket Text #17, at 17.)  On October 7, 2005, the Michigan Supreme Court denied Petitioner's application for leave to appeal, finding that the questions raised did not merit review.  (Docket Text #18, at 1.)

## II.    Analysis

### 1.    Prosecutorial Misconduct

Petitioner contends that he is entitled to habeas relief because the prosecutor vouched for the credibility of the prosecution's witnesses during closing argument. Respondent argues that Petitioner's prosecutorial misconduct claim is barred by state procedural default because defense counsel failed to object at trial.  (Resp't's Answer, Docket Text #9, at 5-7.).  "[A]bsent cause and prejudice, 'a federal habeas corpus petitioner who fails to comply with a state's rules of procedure waives his right to federal habeas corpus review.'"  *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000) (internal citation omitted).  But "'the mere existence of a basis for a state procedural bar does not deprive [federal courts] of jurisdiction; the state court must actually have relied on the procedural bar as an independent basis for its disposition of the case.'"  *Id.* (quoting *Caldwell v. Mississippi*, 472 U.S. 320, 327 (1985)).  That is, "the last state court rendering a reasoned judgment on the matter must 'clearly and expressly' state that its judgment rests on such a procedural bar."  *Id.* (quoting *Coleman v. Thompson*, 501 U.S. 722, 735 (1991)).  In this case, no Michigan court relied on procedural default in denying Petitioner's claim.  (*See* Docket Text # 16, at 11-12, 14-15; Docket Text #17, at 1; Docket Text #18, at 1.)  As such,

3

this Court proceeds to the merits of Petitioner's claim. *See, e.g.*, *Boyle*, 201 F.3d at 717.[3]

Habeas relief is only appropriate "'if the relevant misstatements were so egregious as to render the entire trial fundamentally unfair to a degree tantamount to a due process violation.'" *Washington*, 228 F.3d at 708 (internal citations omitted). In determining whether the prosecutor's statements rose to this level, we must first assess whether they were improper. *Id.* If they are improper, we then "must determine if the comments were sufficiently flagrant to warrant reversal" according to four factors: (1) "the likelihood that the remarks would mislead the jury or prejudice the accused"; (2) "whether the remarks were isolated or extensive"; (3) "whether the remarks were deliberately or accidentally presented to the jury; and (4) "whether other evidence against the defendant was substantial." *Id.*

"A prosecutor cannot improperly vouch for the credibility of his witnesses." *United States v. Emuegbunam*, 268 F.3d 377, 404 (6th Cir. 2001). "Improper vouching occurs when a prosecutor supports the credibility of a witness by indicating a personal belief in the witness's credibility thereby placing the prestige of the office of the [prosecutor] behind that witness." *United States v. Francis*, 170 F.3d 546, 550 (6th Cir. 1999). The Supreme Court has explained the "two dangers" posed by vouching:

> [S]uch comments can convey the impression that evidence not presented to the jury but known to the prosecutor, supports the charges against the defendant and can thus jeopardize the defendant's right to be tried solely on the evidence presented to the jury; and the prosecutor's opinion carries with it the imprimatur of the Government and may induce the jury to trust the Government's judgment rather than its own view of the evidence.

*United States v. Young*, 470 U.S. 1, 18-19 (1985). The prosecutor's statements during closing argument at trial — that *he* believed the witnesses and that they were telling the truth — constituted improper vouching and implicated these concerns.

---

[3] Moreover, given that the failure to object constituted ineffective assistance of counsel, *see infra* Part III, the "cause and prejudice" test has arguably also been met. *Washington v. Hofbauer*, 228 F.3d 689, 708 (6th Cir. 2000).

The vouching was also sufficiently flagrant to warrant reversal according to the four-prong test.  First, the prosecutor's comments were likely to mislead the jury and prejudice the defendant.  While the vouching was confined to the rebuttal closing argument, the repeated reference to the truthfulness of the prosecution's witnesses suggests that it was deliberate.  And finally, the evidence against Defendant presented at trial — other than the testimony for which the prosecutor vouched — was not substantial.  *See Martin v. Parker*, 11 F.3d 613, 616-17 (6th Cir. 1993) (noting that prosecutorial misconduct might not have denied defendant a fair trial had "the evidence of guilt been overwhelming"); *United States v. Jackson*, 473 F.3d 660, 671 (6th Cir. 2007) (vouching during closing argument did not warrant reversal where "evidence against [defendant] was . . . undeniably strong").  The Sixth Circuit has noted:

> Cases involving sexual abuse exert an almost irresistible pressure on the emotions of the bench and bar alike.  Because such cases typically turn on the relative credibilities of the defendant and the prosecuting witness, a strict adherence to the rules of evidence and appropriate prosecutorial conduct is required to ensure a fair trial.

*Martin*, 11 F.3d at 617; *see also Hodge v. Hurley*, 426 F.3d 368, 377 n.19 (6th Cir. 2005) (noting the "particular dangers posed by prosecutorial misconduct in sexual abuse cases").  Because the state court's ruling that no misconduct occurred was objectively unreasonable in light of Supreme Court precedent, Petitioner is entitled to habeas relief.

### 2.      Ineffective Assistance of Counsel for Failure to Object

Petitioner also contends that he is entitled to habeas relief because defense counsel's failure to object to this vouching deprived him of effective assistance of counsel.  Under the two-part test announced in *Strickland v. Washington*, 466 U.S. 668 (1984), a petitioner claiming ineffective assistance of counsel must demonstrate that (1) "counsel's representation fell below an objective standard of reasonableness"; and that (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the

5

proceeding would have been different." *Id.* at 688, 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

Given the impropriety of the vouching at issue in this case and the existence of limited evidence other than the very testimony for which the prosecutor vouched, defense counsel's failure to object satisfied the *Strickland* test. It was unreasonable not to object to "prosecutor[ial] behavior [that] clearly crossed the line into plain and prejudicial impropriety," and there is a reasonable probability that an objection would have resulted in a curative instruction and a different outcome. *Washington*, 228 F.3d at 699, 702 (finding failure to object to prosecutor "improperly boosting [accuser's] credibility while diminishing that of [defendant]" constituted ineffective assistance of counsel where trial was "a credibility contest" (*id.* at 708-09)); *see also Hodge*, 426 F.3d at 378-79 (failure to object to prosecutor "repeatedly comment[ing] on the credibility of witnesses" "throughout closing argument" in criminal sexual conduct case constituted ineffective assistance of counsel when "jury's determination as to [defendant]'s guilt or innocence hinged almost entirely on the credibility of [defendant] and [the victim's mother]"). Because the state court's summary denial of Petitioner's ineffective assistance of counsel claim was an objectively unreasonable application of *Strickland*, Petitioner is entitled to habeas relief.

## IV. Conclusion

For the foregoing reasons, this Court **GRANTS** a conditional writ of habeas corpus, giving the State of Michigan ninety days to retry Petitioner or release him from custody. This Court also **GRANTS** Petitioner's Motion for Extension of Time to Complete Objections [27].

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated:  April 7, 2009

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 7, 2009, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager