UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Keith Lashoun Wilson,

       Petitioner,                                      Case No. 06-12409

v.                                                     Hon. Nancy G. Edmunds

Thomas K. Bell,

       Respondent.

_____/

**ORDER GRANTING RESPONDENT'S MOTION FOR STAY PENDING APPEAL [32]**

This matter is before the Court on Respondent's motion for a stay of this Court's order pending appeal. Because the decision process would not be aided by oral argument, the Court will decide this motion without oral argument pursuant to Eastern District of Michigan Local Rule 7.1(e)(2). For the reasons set forth below, Respondent's motion for a stay pending appeal is GRANTED.

**I.    Background**

Following a jury trial in the Wayne County Circuit Court, Petitioner was convicted in 2003 of two counts of third-degree criminal sexual conduct. Petitioner is currently serving a sentence of nine to fifteen years.

Petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, asserting claims of prosecutorial misconduct, ineffective assistance of counsel, and sentencing error. On October 24, 2008, the Magistrate Judge issued a Report and Recommendation, recommending denial of the habeas petition. On April 7, 2009, this Court issued an order accepting in part and rejecting in part the Magistrate Judge's Report and Recommendation. The Court rejected the recommendation to deny habeas relief on Petitioner's claims of prosecutorial misconduct and ineffective assistance of counsel for

failure to object to the misconduct. The Court granted a conditional writ of habeas corpus, giving the State ninety days to retry Petitioner or release him from custody. (Docket Text # 29, 30.)

On April 13, 2009, Respondent filed a timely notice of appeal of this Court's order to the United States Court of Appeals for the Sixth Circuit. Respondent also filed a motion for a stay of the Court's conditional writ of habeas corpus pending appellate review. Petitioner has not responded.

## II. Analysis

Federal Rule of Appellate Procedure 23(c) provides:

> While a decision ordering the release of a prisoner is under review, the prisoner must—unless the court or judge rendering the decision, or the court of appeals, or the Supreme Court, or a judge or justice of either court orders otherwise—be released on personal recognizance, with or without surety.

Fed. R. App. P. 23(c). As the Supreme Court has noted, "Rule 23(c) undoubtedly creates a presumption of release from custody" pending appeal of a district court's grant of a habeas petition. *Hilton v. Braunskill*, 481 U.S. 770, 774 (1987). But this presumption may be overcome if the Court, in its "broad discretion," determines that "the traditional stay factors tip the balance against it." *Id.* at 775, 776.

The factors governing traditional stay motions are:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Id.* at 776. Other factors to be assessed in determining the appropriateness of a stay include the risk of petitioner's flight absent a stay pending appeal and the "risk that the prisoner will pose a danger to the public if released." *Id.* at 777. The Court may also consider "[t]he State's interest in continuing custody and rehabilitation pending a final

2

determination of the case on appeal . . . it will be strongest where the remaining portion of the sentence to be served is long, and weakest where there is little of the sentence remaining to be served." *Id.* "The interest of the habeas petitioner in release pending appeal, always substantial, will be strongest where [these three factors] are weakest." *Id.* at 777-78. "The balance may depend to a large extent upon determination of the State's prospects of success in its appeal." *Id.* at 778.

Respondent contends that this Court erred in granting Petitioner a conditional writ of habeas corpus and that Respondent has a strong likelihood of success on appeal. While this Court concluded that Petitioner was entitled to habeas relief due to prosecutorial misconduct and ineffective assistance of counsel, it recognizes that the Sixth Circuit Court of Appeals may disagree with this Court's analysis of Petitioner's claims. As such, Respondent has, at least, demonstrated that it has "a substantial case on the merits." *Hilton*, 481 U.S. at 778.

Petitioner may be injured by continued imprisonment pending appeal. The Court notes, however, that it would be a waste of judicial resources for the State to retry Petitioner while an appeal is proceeding in the Sixth Circuit Court of Appeals.

Respondent maintains that Petitioner would pose a danger to the public should he be released pending a final determination of the case on appeal. Petitioner was convicted of two counts of third-degree criminal sexual misconduct. At the time of these offenses, Petitioner was on probation for the false report of a felony and had also previously served a prison sentence for receipt of stolen property. In August of 2003, Petitioner was sentenced to 1.5 to 15 years for false report of a felony. Respondent contends that Petitioner has not been a model prisoner. Since his incarceration in 2003, Petitioner has committed five major misconducts, including two misconducts for threatening behavior.

3

In light of the fact that Petitioner has approximately three to nine years remaining to serve on his sentence and in light of Petitioner's misconduct while incarcerated, the State has a strong interest in continuing custody and rehabilitation pending appellate review.

The final *Hilton* factor to be considered is the public interest, which weighs in favor of granting a stay. Given the facts discussed above, it would be in the public interest for Petitioner to continue his rehabilitation pending a final determination of the case on appeal.

## IV.   Conclusion

In light of the factors enumerated in *Hilton*, a stay pending appeal is appropriate in this case. Respondent's motion for a stay of this Court's conditional writ of habeas corpus pending appeal is GRANTED.

SO ORDERED.

                                       s/Nancy G. Edmunds
                                       Nancy G. Edmunds
                                       United States District Judge

Dated:  May 6, 2009

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 6, 2009, by electronic and/or ordinary mail.

                                       s/Carol A. Hemeyer
                                       Case Manager